IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTONIA L. SPEARMAN,    )<br>    )<br>    Plaintiff,    )<br>    )<br>v.    )<br>    )<br>METROPOLITAN NASHVILLE    )<br>PUBLIC SCHOOLS,    )<br>    )<br>    Defendant.    )  | Case No. 3:15-cv-00671<br>Judge Trauger / Knowles |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant's Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 11. Defendant has contemporaneously filed a supporting Memorandum of Law (Docket No. 11-1), and a copy of Plaintiff's EEOC Charge of Discrimination (Docket No. 11-2). As grounds for its Motion, Defendant argues that this action should be dismissed because: (1) Plaintiff's EEOC Charge of Discrimination was untimely filed; (2) Plaintiff did not allege discrimination based upon race, color, sex, religion, and national origin in her EEOC Charge of Discrimination, yet alleges so in her Complaint; (3) Plaintiff's EEOC Charge of Discrimination alleges only age discrimination, yet Plaintiff does not allege age discrimination in her Complaint; and (4) Metropolitan Nashville Public Schools is not an entity that can be sued. Docket No. 11-1.

Plaintiff has not responded to the instant Motion.

Plaintiff, pro se, filed this action pursuant to 42 U.S.C. § 2000e-5, Title VII of the Civil

Rights Act of 1964 ("Title VII"), alleging that Defendant discriminated against her on the basis of her race, color, sex, religion, and national origin. Docket No. 1. Specifically, Plaintiff alleges that Defendant failed to promote her and, in fact, "failed to give written reasons for the downgrading" of her from an Assistant Principal to a classroom teacher. *Id.* Plaintiff further alleges "poor leadership." *Id.* Plaintiff avers that the circumstances under which Defendant allegedly discriminated against her were as follows:

> The Administrative team of the Metropolitan Nashville Public Schools reduced me from Assistant Principal to classroom teacher status after nine years of leadership on an Assistant Principal level. The Principal and Executive Director agreed to give a written copy of the reasons for the downgrading but, written reasons were never received from the two Administrators. My concerns were made known to the Associate Superintendent of Elementary Schools and the Director of the Metropolitan Nashville Public Schools, but no response.

*Id.*

Plaintiff seeks compensatory and punitive damages, as well as three years back pay at the Assistant Principal level with "year level pay increase." *Id.* Plaintiff additionally notes that she has $111,000 in student loan debt. *Id.* It is unclear whether Plaintiff seeks compensation for, or reimbursement of, that debt.

Prior to filing the case at bar, Plaintiff took the following actions.

On February 6, 2014, Plaintiff completed her EEOC Intake Questionnaire. Docket No. 1-1, p. 3-7. The cover letter to that Questionnaire states in pertinent part: "NOTE: CHARGES MUST BE FILED WITHIN <u>300 DAYS</u> OF THE ALLEGED DISCRIMINATORY ACTION." *Id.*, p. 3 (Capitalization and underlining original). The cover letter also states, "My signature acknowledges that I have read this notice." *Id.* Plaintiff signed the letter. *Id.*

2

The following day, on February 7, 2014, Plaintiff filed her EEOC Charge of Discrimination which alleges discrimination based solely upon age. Docket No. 11-2. In her Charge of Discrimination, Plaintiff alleges as follows:

> I was hired by [Defendant] in 1991 as a Teacher. In 2004, I was promoted to Assistant Principal. On or about May 3, 2013, I was told by Principal Melinda Williams and her supervisor, Mildred Nelson, that I was going to be demoted to a Teacher position.. On or about the afternoon of May 3, 2013, I requested retirement.
>
> Despite asking Ms. Williams, Ms. Nelson, and Ms. Brenda Steele, I was never told why I was to be demoted.
>
> I believe that I was discriminated against because of my age (59), in violation of the Age Discrimination in Employment Act of 1967, as amended.

*Id.*

On April 30, 2015, Plaintiff received her EEOC Dismissal and Notice of Right to Sue letter. Docket No. 1-1. That Notice stated in relevant part:

> You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.

*Id.* (Capitalization and emphasis original).

Plaintiff filed the instant action on June 16, 2015. Docket No. 1.

## II. Law and Analysis

### A. Fed. R. Civ. P. 12(b)(6) - Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to

3

sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

4

**B. Title VII of the Civil Rights Act of 1964**

   **1. Generally**

Title VII of the Civil Rights Act of 1964 ("Title VII") protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin, and provides, in part:

> It shall be an unlawful employment practice for an employer--
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.

Federal courts do not have jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge. *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (*citing Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544-45 (6th Cir. 1991)). Thus, as a prerequisite to bringing a Title VII discrimination claim in federal court, a claimant is required to file a charge of discrimination or retaliation with the EEOC and is precluded from seeking judicial review until the Commission has made a final disposition of his claim. 42 U.S.C. § 2000e-5. *See also, United Air Lines, Inc. v. Evans*, 431 U.S. 553, 554, 97 S. Ct. 1885, 1887, 52

L. Ed. 2d 571 (1977). The wording of the allegations in the EEOC charge does not, however, have to be exact or all-encompassing; rather, the court may consider allegations not explicitly stated in the EEOC charge if those allegations could reasonably be expected to grow out of the charge of discrimination. *Tipler v E. I. du Pont de Nemours & Co.*, 433 F.2d 125, 131 (6th Cir. 1971) (*citing Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465-66 (5th Cir. 1970)*; King v. Georgia Power Co.*, 295 F.Supp. 943 (N.D. Ga. 1968)).

### 2.  Prima Facie Case of Discrimination

In order to establish a prima facie case of discrimination in violation of Title VII, a plaintiff must prove that:

>   1) she is a member of a protected class;
>
>   2) she was qualified for her job and performed it satisfactorily;
>
>   3) despite her qualifications and performance, she suffered an adverse employment action;[1] and
>
>   4) she was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside her protected class.

*Johnson v. University of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)) (footnote added).

A plaintiff may establish a claim of discrimination under Title VII either by introducing direct evidence of discrimination, or by proving circumstantial evidence that would support an inference of discrimination. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000),

---

[1] An adverse employment action is one that causes a materially adverse change in a term of employment, such as significantly diminished responsibilities, termination, a demotion evidenced by a decrease in wage or salary, a less distinguished title, or a material loss of benefits. *See Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 885-86 (6th Cir. 1996).

6

*citing Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir.1997). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

Under the direct evidence approach, once the plaintiff introduces evidence that the employer terminated him because of his protected status, the burden of persuasion shifts to the employer to prove that it would have terminated the plaintiff even had it not been motivated by discrimination. *Johnson*, 215 F.3d at 572, *citing Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994) (*citing Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989)).

If the plaintiff lacks direct evidence of discrimination, the circumstantial evidence approach is used and the *McDonnell Douglas-Burdine* tripartite test is employed. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), as later clarified by *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The *McDonnell Douglas-Burdine* tripartite test requires the plaintiff to first establish a prima facie case of discrimination. *Id.* If the plaintiff is able to do so, a mandatory presumption of discrimination is created and the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *Id.* If the defendant carries this burden, the plaintiff must then show that the proffered reason was actually pretextual. *Id.* The plaintiff may establish pretext by showing that, 1) the stated reasons had no basis in fact; 2) the stated reasons were not the actual reasons; or 3) the stated reasons were insufficient to explain the defendant's action. *Id. See also, Cicero v. Borg-Warner Automotive, Inc.,* 280 F.3d 579, 589 (6th Cir. 2002). "A reason cannot be proved to be 'a pretext

for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

## C. The Case at Bar

As discussed above, federal courts do not have jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC Charge of Discrimination or the claim can reasonably be expected to grow out of the EEOC Charge. *Abeita*, 159 F.3d at 254 (*citing Ang,* 932 F.2d at 544-45). In the instant action, Plaintiff's EEOC Charge of Discrimination alleges discrimination solely based upon age. Docket No. 11-2. Plaintiff's Complaint, however, does not so allege; rather, Plaintiff's Complaint alleges discrimination based upon race, color, sex, religion, and national origin. Docket No. 1.

Plaintiff's EEOC Charge of Discrimination alleges as follows:

> I was hired by [Defendant] in 1991 as a Teacher. In 2004, I was promoted to Assistant Principal. On or about May 3, 2013, I was told by Principal Melinda Williams and her supervisor, Mildred Nelson, that I was going to be demoted to a Teacher position.. On or about the afternoon of May 3, 2013, I requested retirement.
>
> Despite asking Ms. Williams, Ms. Nelson, and Ms. Brenda Steele, I was never told why I was to be demoted.
>
> I believe that I was discriminated against because of my age (59), in violation of the Age Discrimination in Employment Act of 1967, as amended.

Docket No. 11-2.

Plaintiff's Complaint, however, avers:

> The Administrative team of the Metropolitan Nashville Public Schools reduced me from Assistant Principal to classroom teacher

> status after nine years of leadership on an Assistant Principal level. The Principal and Executive Director agreed to give a written copy of the reasons for the downgrading but, written reasons were never received from the two Administrators. My concerns were made known to the Associate Superintendent of Elementary Schools and the Director of the Metropolitan Nashville Public Schools, but no response.

Docket No. 1.

As can be seen, Plaintiff explicitly stated in her EEOC Charge of Discrimination that she believed she was discriminated against solely on the basis of her age. Docket No. 11-2. In her EEOC Charge, she does not aver that she was discrimination against based upon race, color, sex, religion, and national origin, nor can those claims reasonably be expected to grow out of the allegations in her EEOC Charge. *Abeita*, 159 F.3d at 254 (*citing Ang,* 932 F.2d at 544-45). Accordingly, Plaintiff has failed to exhaust her administrative remedies with regard to her race, color, sex, religion, and national origin claims, and the Court lacks jurisdiction over those claims.

Moreover, Metropolitan Nashville Public Schools is not an entity capable of being sued. *Haines v. Metropolitan Government of Davidson County, Tennessee*, 32 F.Supp.2d 991, 994-95 (M.D. Tenn. 1998) ("The Metropolitan Board of Public Education is not capable of being sued separately and distinctly from the Metropolitan Government. . . . Under Tennessee law, such capacity lies with the Metropolitan Government and not the Metropolitan Board of Public Education.").

Finally, taking the allegations of Plaintiff's Complaint as true, they fail to state a prima facie claim of discrimination. Plaintiff acknowledges that she chose to retire rather than be demoted, and she does not aver facts that demonstrate either that she was replaced by a person outside the protected class or that she was treated less favorably than a similarly situated

9

individual outside her protected class. Absent such a showing, Plaintiff cannot sustain her claim.

### III. Conclusion

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 11) be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. CLIFTON KNOWLES
United States Magistrate Judge